

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Marina Moraru**
*Special Assistant Corporation Counsel*
Office: 212) 356-2456

August 21, 2024

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/21/2024

**VIA ECF**
Hon. Valerie E. Caproni
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

Re: *A.A. et al. v. New York City Public Schools*, 24-cv-5085 (VEC)(GWG)

Dear Judge Caproni:

I am a Special Assistant Corporation Counsel in the office of Acting Corporation Counsel, Muriel Goode-Trufant, attorney for Defendant in the above-referenced action, wherein Plaintiffs seek solely attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. §1400, *et seq.* ("IDEA"), as well as for this action.

I write to respectfully request a 90-day stay of this action, including the Initial Pretrial Conference currently scheduled for October 4, 2024 and attendant filing of a Case Management Plan, until November 25, 2024. Plaintiff consents to this request. Defendant is still awaiting the needed billing records and retainer agreement/s. Plaintiff now agrees to provide these records by August 26, 2024. (Defendant's deadline to respond to the Complaint is currently November 11, 2024). On July 26, 2024, the Court granted Defendant's first request for an extension. (ECF 9). We note that, while this is an IDEA fees-only case and liability appears not at issue, without the relevant billing, Defendant cannot begin its internal settlement review process, which includes review of the underlying administrative record together with the relevant billing records, and thereafter present a reasonable early offer of settlement. We have resolved recent similar IDEA fees-only cases brought by plaintiffs represented by the Roller firm without the need to burden the court with any sort of motion practice or conferences. The parties are hopeful this matter will be resolved as well.

I also respectfully propose that, if a stay is granted, the parties be required to submit a joint status letter regarding settlement negotiations on or before November 25, 2024.

Thank you for considering these requests.

Respectfully submitted,
*/s/ Marina Moraru*
Marina Moraru, Esq.
Special Assistant Corporation Counsel

cc: Irina Roller (via ECF)

Application GRANTED IN PART.  In lieu of a stay, the Court will further extend the deadlines in this matter to give the parties time to go through Defendant's internal settlement review process.

The Initial Pretrial Conference is ADJOURNED from Friday, October 4, 2024, at 10:00 A.M. to **Friday, December 20, 2024, at 10:00 A.M.**  The deadline for the parties to submit their first joint letter, as described on page 1 of the Court's Order at Dkt. 5, is extended from Friday, September 13, 2024, to **Monday, November 25, 2024**.  If the parties decide that an IPTC would be beneficial, then the deadline for the parties to file their second joint letter, as described on page 2 of the Court's Order at Dkt. 5, and proposed case management plan is extended from Thursday, September 26, 2024, to **Thursday, December 12, 2024**.

Defendant's deadline to answer the Complaint is extended from Monday, November 11, 2024, to **Friday, December 20, 2024**.

The Court expects Plaintiff to provide the necessary retainer agreements and billing records to Defendant in a timely fashion.  The Court notes that these documents should have been created contemporaneously with the work performed, meaning it should not take more than two months from the filing of the Complaint to provide these documents to Defendant.

SO ORDERED.

*[Signature: Valerie Caproni]*        8/21/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE